## 34216. EDWARDS v. EDWARDS.

Bowles, Justice.

The appellant-husband appeals from an order of the Superior Court of Cobb County which refused to find the appellee-wife in contempt of the court's "Final Judgment and Decree" of divorce.

The parties were divorced on February 9, 1973. The court's "Final Judgment and Decree" of divorce provided as follows: "Plaintiff [wife] and defendant [husband] each have suits pending of [sic] the Superior Court of Fulton County, Georgia for claims arising from an automobile collision wherein plaintiff was injured. At such time as said claims are settled or adjudicated, defendant shall be entitled to the sum of $2,000.00. Should defendant secure the sum of $2,000.00 from a case he has pending, then said sum shall satisfy this provision of this Final Judgment, Decree and Order. In the event the award is less than $2,000.00, then plaintiff shall provide the difference *from*

*any award which she may receive,* up to and including the sum of $2,000.00 which is the appropriate amount which defendant has paid in medical expenses for the care and treatment of plaintiff for injuries received in said collision." (Emphasis supplied.)

On January 26, 1978, the husband filed a citation for contempt which alleged that the wife was in wilful contempt of the above stated portion of the trial court's order. By agreement, the parties stipulated that the husband had never filed or pursued any lawsuit in connection with the wife's automobile accident; that the wife had employed counsel and had sued in Macon, Georgia (Bibb County), for her losses from the accident; that a negotiated settlement to her case has been reached, the wife having received the sum of $15,000, from which she has paid a one-third contingent fee to her counsel and all expenses incurred; and, that the wife has subsequently refused to pay any sum to the husband.

Based on these stipulations, the trial court found that the above stated portion of the "Final Judgment and Decree," strictly construed, meant that "the wife shall pay the husband $2,000.00 from the proceeds of a suit pending in Fulton County." Since there was no recovery in any suit pending in Fulton County, the trial court refused to go behind its order to determine whether the recovery had by the wife in the Bibb County suit had any relation to the terms of the judgment and, therefore, refused to find the wife in wilful contempt of court. The husband appeals. We reverse.

It is clear from our reading of the "Final Judgment and Decree" that the husband is to be reimbursed in the amount of $2,000 for medical expenses incurred by the wife which were paid by him prior to the divorce. The "Final Judgment and Decree" clearly intended, in the event the husband recovered this from a case he had pending, that the wife would not be obligated to reimburse the husband for these expenses. On the other hand, if the husband recovered less than $2,000 then, in that event, the wife would be obligated to pay the husband the difference, up to and including the sum of $2,000, *from any award* which she received.

The parties stipulated that the wife had negotiated a

settlement for her losses and that the husband had not recovered any amount in connection with the matter. Based upon these stipulations, we hold, under the terms of the decree, that the wife is obligated to pay the husband $2,000 for the medical expenses he has paid.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 3, 1978 — DECIDED NOVEMBER 22, 1978.

*Barnes & Browning, Thomas J. Browning,* for appellant.

*William G. Posey,* for appellee.